Walter Edilsar Melgar **CALDERON,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–70727.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Tanya Ilona Kirwan, U.S. Department of Justice, Civil Rights Division, Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Walter Edilsar Melgar Calderon, a native and citizen of Guatemala, petitions for review of a summary order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), we deny the petition for review.

■ Substantial evidence supports the IJ's finding that Melgar Calderon's encounters with guerrillas do not rise to the level of past persecution. *id.* at 936. Substantial evidence also supports the IJ's finding that Melgar Calderon has not established a well-founded fear of future persecution based on three, non-personal, 9-year-old contacts with guerrillas. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Because Melgar Calderon failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir. 2000).

We lack jurisdiction to consider Melgar Calderon's contention regarding the Convention Against Torture because he failed to exhaust it below. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Melgar Calderon's contention that his rights were violated by the BIA's streamlining regulations is foreclosed. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003). We reject Melgar Calderon's contention that the BIA violated its own streamlining regulations. *See id.* at

** This disposition is not appropriate for publication and may not be cited to or by the

850–51; *see also Jiang v. Gonzales*, 425 F.3d 649, 654 (9th Cir.2005).

■ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

Counsel for petitioner's motion to withdraw is granted. The Clerk shall change the docket to reflect that petitioner is proceeding pro se. Petitioner's address is: 4733 Callan Blvd. # 10, Daly City, CA 94015.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.